UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANDREW ALAN ARMFIELD,<br><br>Plaintiff,<br><br>v.<br><br>WARDEN RICHARDSON,<br><br>Defendant. | Case No. 1:22-cv-00182-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff's Complaint as a result of Plaintiff's status as an inmate and in forma pauperis request. The Court now reviews the Complaint to determine whether it should be summarily dismissed in whole or in part under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

**1.      Pleading Standards and Screening Requirement**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under modern pleading standards, Rule 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted).

If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted). Bare allegations that amount to a mere restatement of the elements of a cause of action, without adequate factual support, are not enough.

The Prison Litigation Reform Act ("PLRA")[1] requires that the Court review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, as well as complaints filed in forma pauperis, to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that do not have adequate factual support or are frivolous or malicious. 28 U.S.C. §§ 1915(e)(2) & 1915A.

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

The Court also must dismiss claims that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. *Id*. These last two categories—together with claims that fall outside a federal court's narrow grant of jurisdiction—encompass those claims that might, or might not, have factual support but nevertheless are barred by a well-established legal rule.

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (stating that Rule 12(b)(6) authority to dismiss claims was expanded by the PLRA, giving courts power to dismiss deficient claims, sua sponte, before or after opportunity to amend).

**2.      The Complaint Fails to State a Claim on Which Relief May Be Granted**

Plaintiff is a prisoner in the custody of the Idaho Department of Correction. Plaintiff does not include any factual allegations in his Complaint and, thus, has not stated a plausible claim for relief. Rather, Plaintiff states only that he has been

put in prison and that he "need[s] out now." *Compl.*, Dkt. 3, at 2–3. In addition, Plaintiff does not identify a legal basis for his claims, instead referring to unidentified federal and state law claims. *Id*. at 1 (checking boxes).

The Court will grant Plaintiff 60 days to amend the Complaint. Any amendment should take into consideration the following.

### A.   *Legal Standard for § 1983 Claims*

Because Plaintiff may be intending to assert civil rights claims under 42 U.S.C. § 1983, the Court offers some standards of law that may be helpful in drafting an amended complaint. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Prison officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists ... a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging that a defendant (1) set in motion a series of acts by others that violated the Constitution, or knowingly refused to terminate a series of such acts, which the supervisor "knew or reasonably should have known would cause others to inflict a constitutional injury"; (2) knowingly failed to act or acted improperly "in the training, supervision, or control of his subordinates"; (3) acquiesced in the constitutional deprivation; or (4) engaged in "conduct that showed a reckless or callous indifference to the rights of others." *Id*. at 1205–09 (internal quotation marks omitted).

Prisoners frequently assert civil rights claims under the Eighth Amendment, which prohibits cruel and unusual punishments. In considering whether prison conditions are cruel and unusual, a court must examine the challenged condition and "determine whether that condition is compatible with the evolving standards of decency that mark the progress of a maturing society." *Wright v. Rushen*, 642 F.2d 1129, 1133 (9th Cir. 1981) (internal quotation marks omitted).

A prison has met its constitutional obligations "if it furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982) (internal quotation marks omitted), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995)). If "each of these basic needs is separately met," prison officials have complied with the standards of the Eighth Amendment. *Id.*

To state a claim under the Eighth Amendment, a prisoner must show that he is (or was) "incarcerated under conditions posing a substantial risk of serious harm," or that he has been deprived of "the minimal civilized measure of life's necessities" as a result of the defendant's actions. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). An Eighth Amendment claim requires the plaintiff to satisfy both (1) an objective standard, "that the deprivation was serious enough to constitute cruel and unusual punishment, and (2) a subjective standard, that the defendant acted with "deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc).

To rise to the level of an Eighth Amendment violation, the deprivation alleged must be objectively sufficiently harmful, *Farmer*, 511 U.S. at 834, or, in other words, sufficiently "grave" or "serious," *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). As the United States Supreme Court has explained:

INITIAL REVIEW ORDER BY SCREENING JUDGE - 6

> Not every governmental action affecting the
> interests or well-being of a prisoner is subject to Eighth
> Amendment scrutiny, however. After incarceration, only
> the unnecessary and wanton infliction of pain constitutes
> cruel and unusual punishment forbidden by the Eighth
> Amendment. To be cruel and unusual punishment,
> conduct that does not purport to be punishment at all
> must involve more than ordinary lack of due care for the
> prisoner's interests or safety.

*Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal quotation marks, citation, and alteration omitted).

With respect to the subjective prong of an Eighth Amendment claim, a defendant acts with deliberate indifference only if the defendant (1) was aware of the risk to the prisoner's health or safety, and (2) deliberately disregarded that risk. *Farmer*, 511 U.S. at 837. That is, a defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson v. Cty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002), *overruled on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016). Moreover, even prison officials or medical providers who *did* know of a substantial risk to an inmate's health or safety will not be liable under § 1983 "if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 7

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

### B.    *Any Civil Rights Claims Appear Barred by* Heck v. Humphrey

Plaintiff's claims that he has been placed in prison and that he needs to get out challenge the very fact, rather than the conditions, of his confinement. Therefore, even if Plaintiff intends to assert § 1983 claims, any such claims appear to be barred by the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the United States Supreme Court held that a civil rights claim "is not cognizable under § 1983" if the plaintiff's success would "render a conviction or sentence invalid." *Id*. at 486–87. Thus, if a favorable verdict in a civil rights action "would necessarily imply the invalidity" of the plaintiff's conviction, the plaintiff must first show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487. As the Supreme Court later clarified, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the

prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

Instead, an immediate or speedier release from confinement may be pursued only by way of a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The Court will exercise its discretion not to convert the Complaint in this case to a habeas petition under 28 U.S.C. § 2254. This is because Plaintiff already filed a habeas petition. *See Armfield v. Richardson*, Case No. 1:21-cv-00436-REP (D. Idaho) (dismissed April 26, 2022). After being advised that the petition did not include sufficient facts and did not comply with Habeas Rule 2(d), Plaintiff declined to amend his petition and thus abandoned his habeas claims.

Because Plaintiff has filed both a habeas petition and a civil rights complaint in this Court, and because he already had the opportunity in his habeas action to challenge his conviction, the Court concludes that Plaintiff intended his initial pleading in this case to be exactly what it says it is—a "Prisoner Complaint" in a regular civil case, not a habeas petition. *Compl.* at 1.

3.      **Standards for Amended Complaint**

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how

the actions complained of have resulted in a deprivation of Plaintiff's constitutional

rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other*

*grounds by Kay v. Ehler*, 499 U.S. 432 (1991). Plaintiff must also allege a

sufficient causal connection between each defendant's actions and the claimed

deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th

Cir. 1978). "Vague and conclusory allegations of official participation in civil

rights violations are not sufficient to withstand a motion to dismiss" or to survive

screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of*

*Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor

does a complaint suffice if it tenders naked assertions devoid of further factual

enhancement." (internal quotation marks and alteration omitted)).

Assuming that Plaintiff intends to challenge the conditions of his

confinement, the Court advises Plaintiff that any amended complaint should state

the following: (1) the name of the person or entity that caused the alleged

deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a

state actor (such as state employment or a state contract) or a private entity

performing a state function; (3) the dates on which the conduct of the defendant

allegedly took place; (4) the specific conduct or action Plaintiff alleges is

unconstitutional; (5) the particular constitutional or statutory provision Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant. In addition, Plaintiff must include facts showing that his claims are not barred by *Heck v. Humphrey* as explained above.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 60 days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1.    The Complaint fails to state a claim upon which relief may be granted and appears barred by *Heck v. Humphrey*. Plaintiff has 60 days within which to file an amended complaint as described above. Alternatively,

Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff no longer intends to pursue this case.[2]

2.     If Plaintiff does not file a timely amended complaint, this case may be dismissed with prejudice and without further notice for failure to state a claim upon relief may be granted, failure to prosecute, or failure to comply with a Court order.

3.     Because an amended complaint is required for Plaintiff to proceed, Plaintiff's request for appointment of counsel (contained in the Complaint) is DENIED without prejudice. Plaintiff may renew the request for counsel in an amended complaint.

DATED: June 14, 2022

_____
B. Lynn Winmill
U.S. District Court Judge

---

[2] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, for maliciousness, or for failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).